**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVER DANIEL CRUZ PEREZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>　　　　　Respondents. | Case No. 5:26-cv-03633-ACCV<br><br>**ORDER GRANTING PETITION** |

## I.    RULING

Oliver Daniel Cruz Perez ("Petitioner") is an immigration detainee at the Adelanto Immigration and Customs Processing Center in Adelanto, California. (Dkt. 1 at 7.) Petitioner has no criminal history. (*Id.*) He has a pending petition for adjustment of status. (*Id.*) He resided continuously in the United States for more than twenty-one years before immigration authorities detained him on June 26, 2026.[1] (*Id.*)

---

[1] Petitioner provided two dates of entry into the United States stating he "has lived in the United States since 2004" and "first entered the United States in 2016." (Dkt. 1 at 2.) Petitioner asserts his petition for adjustment of status, Form I-310, has been pending since May 2005. (*Id.*) Accordingly, the Court calculates the time Petitioner has resided in the United States from 2004 to the date of this Order, or twenty-one years.

Petitioner asserts ICE issued him a Notice to Appear charging him as inadmissible under 8 U.S.C. § 212(a)(6)(A)(i) ("present without admission"). (*Id.*) Petitioner challenges his detention under the Immigration and Nationality Act ("INA"), Administrative Procedure Act ("APA"), and the Due Process Clause. (Dkt. 1 at 8-11.)

For the reasons discussed below, the Court grants the Petition.

## II.    FACTS AND PROCEDURAL HISTORY

Petitioner has lived continuously in the United States for over twenty-one years. (Dkt. 1 at 7.) Petitioner entered the United States without inspection. (*Id.*) On April 22, 2026, Petitioner was detained by immigration officials. (*Id.* at 2, 10.) Petitioner contends because he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A) he is unable to seek a bond hearing "due to a claimed lack of jurisdiction by the Immigration Court[.]" (*Id.* at 2-3.)

On July 1, 2026, Petitioner filed his Petition for Writ of Habeas Corpus ("Petition"). (Dkt. 1.) Petitioner argues his detention violates the INA, specifically 8 U.S.C. § 1226(a), for the unlawful denial of a bond hearing; the APA for unlawful denial of bond; and the Fifth Amendment's due process protections. (*Id.* at 4, 8-11.) Petitioner also argues that Respondents' refusal to provide Petitioner with a bond hearing violates *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025) ("*Bautista*"). (*Id.* at 8.) Petitioner requests, *inter alia*, that the Court grant the Petition requiring Respondents to release Petitioner, or, in the alternative, provide an individualized bond hearing before the Immigration Court pursuant to 8 U.S.C. § 1226(a), within seven days, in which the government bears the burden to show by clear and convincing evidence that Petitioner is a danger to the community or flight risk to justify continued detention. (*Id.* at 11.)

Respondents filed a Response to the Petition on July 8, 2026.  (Dkt. 10.) Respondents assert that Petitioner is not entitled to immediate release.  (*Id.* at 3.) Respondents state that Petitioner appears to be eligible for a bond hearing under the reasoning of *Bautista*.  (*Id.*)  Respondents concede that Petitioner's "claim in this action appears to be subject to the *Bautista* judgment[.]"  (*Id.*)

Petitioner did not file a reply which was due July 11, 2026.

### III.   DISCUSSION

Petitioner argues that his ongoing confinement violates due process, the APA, and the INA.  Consistent with recent decisions by this District and others, and the parties' agreement, the Court finds that Petitioner is a *Bautista* bond eligible class member.  Therefore, the Court grants the Petition and orders a bond hearing pursuant to *Bautista.*  Petitioner's remaining claims are dismissed as moot.

The certified class in *Bautista* is "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  *Bautista*, 813 F. Supp. 3d at 1127.  Here, Petitioner entered the United States without inspection, does not appear to have been apprehended and paroled upon his arrival in the United States, and as such, the Department of Homeland Security cannot have made an initial custody determination that Petitioner was subject to mandatory detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.  (Dkt. 1 at 7.)  Respondents state in their Response that they "acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."  (Dkt. 10 at 3.)  Given the foregoing, and the parties' agreement, the Court finds that Petitioner is a member of the *Bautista* Bond

Eligible Class.

As Respondents concede that Petitioner is a class member entitled to a bond hearing under the reasoning in *Bautista*, the Court grants the Petition for the reasons stated in the orders in *Bautista* and the reasoning above. *See Bautista*, 813 F. Supp. 3d at 1100–1128.

## IV.   ORDER

For the foregoing reasons, IT IS ORDERED that: (1) the Petition is granted as to Petitioner's request for a hearing pursuant to *Bautista*; (2) Respondents must provide Petitioner Oliver Daniel Cruz Perez (A-Number 221-462-760) an individualized bond hearing before an immigration judge within seven (7) days or otherwise release Petitioner from custody under the same conditions that existed before Petitioner's detention; and (3) Petitioner's other claims are dismissed as moot.

DATED: July 14, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge

4